# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:08CR00024-032 |
| v. | **OPINION** |
| **ANTHONY EUGENE DUTY,** | By: James P. Jones |
| Defendant. | United States District Judge |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Anthony Eugene Duty, Pro Se Defendant.*

The defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2013), alleging that his attorney provided ineffective assistance in several respects. After review of the record, I find that the defendant is not entitled to relief.

I

Anthony Eugene Duty and more than 50 other defendants were charged in this case with conspiracy to distribute cocaine base and cocaine and related offenses. Duty and two of his codefendants stood trial together before a jury. On

October 10, 2008, the jury found Duty guilty of conspiracy to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine as charged.[1]

Following his conviction, a Presentence Investigation Report ("PSR") was ordered by the court, in which it was calculated from the evidence at trial that Duty's offense involved 160 grams of cocaine base, giving him a Base Offense Level of 32 as calculated under the U.S. Sentencing Guidelines Manual ("USSG"). With a two-level decrease for his minor role in the offense, his Total Offense Level was 30, and his advisory custody range was 121 to 151 months. I sentenced Duty slightly below the guideline range to the mandatory minimum term of imprisonment of 10 years (120 months) then required by 21 U.S.C.A. § 841(b)(1)(A)(iii) (West 1999),[2] and entered judgment on August 25, 2009. Duty's direct appeal was unsuccessful. *United States v. Duty*, 441 F. App'x 138 (4th Cir. 2011) (unpublished). He did not file a petition for a writ of certiorari with the Supreme Court.

Duty filed this § 2255 motion on September 25, 2012. He alleges the following claims for relief: (1) his attorney provided ineffective assistance during

---

[1] The jury found Duty not guilty of Count Six of the Indictment, which charged him with knowingly maintaining a place for the purpose of distributing a controlled substance.

[2] The version of § 841 in effect when Duty was sentenced in August 2009 mandated a 10-year minimum sentence of imprisonment for a violation involving 50 grams or more of cocaine base.

plea negotiations; (2) he is entitled to a reduced sentence under the Fair Sentencing Act; (3) his sentence is illegal; and (4) his attorney was ineffective at trial. The United States moves for dismissal of the § 2255 motion as untimely filed and without merit. Duty has responded to the motion, making the matter ripe for disposition.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

    (1)  the date on which the judgment of conviction becomes final;

    (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). If the defendant files a direct appeal, but does not petition the Supreme Court for a writ of certiorari, "§ 2255's one-year limitation period starts to run when the time for seeking such review expires*.*" *Clay v. United States*, 537 U.S. 522, 532 (2003).

Under the well-established rule in *Clay*, I find no merit to the United States' argument that Duty's § 2255 motion is untimely filed. After the Fourth Circuit affirmed the judgment in this case on August 1, 2011, Duty had 90 days to file a petition for a writ of certiorari. Only when Duty failed to seek such review by November 1, 2011, did his one-year filing period under § 2255(f)(1) begin to run, and it did not expire until October 31, 2012. Duty signed and dated his § 2255 motion on September 25, 2012,[3] and the court received and docketed that motion on October 1, 2012, well within the statutory filing period.

III

A. Ineffective Assistance of Counsel.

To prove that counsel's representation was as defective to require reversal of the conviction or sentence, a defendant must show that "counsel's representation

---

[3] A prisoner's motion is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing § 2255 Proceedings. Because it appears that Duty signed and dated his § 2255 motion on September 25, 2013, I assume for purposes of this opinion that he delivered the motion to prison authorities on that day for mailing.

fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The defendant must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689. In addition, the defendant must show prejudice by demonstrating a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. When the defendant alleges ineffective assistance of counsel at the plea bargaining stage, he must demonstrate a reasonable probability that, absent counsel's deficient advice, he would have accepted a plea that would have resulted in a less severe conviction, sentence, or both. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384-85 (2012).

If it is clear that the defendant has not satisfied one prong of the *Strickland* test, the court need not inquire whether he has satisfied the other prong. 466 U.S. at 697. In a § 2255 motion, the defendant bears the burden of proving his claims by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Claim 1: Counsel's Representation during Plea Negotiations.

Duty alleges that during the pretrial stage of his case, his attorney was ineffective (a) by failing to "advise [him] of the quantifiable benefits of entering a guilty plea including both acceptance of responsibility and the possibility that

substantial assistance could reduce the sentence below the mandatory minimum"; (b) by giving inaccurate advice regarding the consequences of proceeding to trial as compared to benefits of plea offer; and (c) by misadvising him as to the law and the strength of the United States' case. (2255 Mot. 15.) Duty states that he had rejected the plea proposal because counsel advised him that he would face the same prison sentence, whether he pleaded guilty or was convicted at trial. He also claims that counsel told him that the government's case was weak and failed to explain that "even a trace of illegal drugs was sufficient to convict." (*Id*. at 16.) Duty asserts that if he had pleaded guilty, his offense level under the guidelines would have been 27 or less and his sentence would likely have been 70 months.

Duty's trial counsel has submitted an affidavit providing an account of his representation of Duty. Early in the case, counsel told Duty that his best chance to limit his potential prison sentence was to assist the prosecution. Duty said he would not plead guilty. At some point, the prosecutor offered, and counsel reviewed with Duty, a plea proposal allowing Duty to plead guilty to the conspiracy charge and stipulate to a drug amount that subjected Duty to a 10-year mandatory minimum sentence under § 841(b)(1)(A). The proposed agreement did not promise Duty a sentence reduction for substantial assistance and it reserved the prosecutor's discretion to determine whether such a motion was warranted. Counsel advised Duty that he faced a 10-year mandatory minimum sentence if he

pleaded guilty under the proposal and would likely not receive a sentence substantially higher than 10 years if convicted after trial.

Nevertheless, counsel told Duty several times that entering into a plea bargain was in his best interest, since a substantial assistance motion for reduction was the only way he might obtain a sentence below the mandatory minimum. Duty told counsel that he would not plead guilty unless the agreement guaranteed him a sentence less than the 10-year mandatory minimum, and counsel responded that no such guarantee could be given. Duty insisted that the witnesses against him were not credible. Counsel advised him that a jury could believe those witnesses and that there was a strong likelihood Duty would be convicted. Duty rejected the proposed plea agreement.

Duty fails to demonstrate ineffective assistance under these circumstances. The parties agree that counsel advised Duty his sentence would likely be the same with the plea agreement or after trial, and I find this advice to be factually and legally accurate. Duty does not dispute counsel's evidence that the drug weight in the proposed plea agreement would have triggered the 10-year mandatory minimum sentence, as did the jury's verdict at trial. Under the plea agreement, with reductions for acceptance of responsibility and his minor role in the offense, Duty might have achieved a Total Offense Level of 27. Ordinarily, with a Criminal History Category III and a Total Offense Level of 27, the guidelines

custody range would be 87 to 108 months. The statutory mandatory minimum changes that result, however. Under USSG § 5G1.1(b), "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." *See Dorsey v. United States*, 132 S. Ct. 2321, 2327 (2012) ("[O]rdinarily no matter what range the Guidelines set forth, a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum"). Thus, Duty would have gained no sentencing benefit from the stipulated drug amount in the proposed agreement, and counsel's advice to that effect was neither deficient nor prejudicial under *Lafler*.

Duty's allegations regarding counsel's advice on substantial assistance fail to satisfy the prejudice prong of *Lafler*. Duty states no facts suggesting that absent counsel's alleged failure to explain this issue fully, Duty would have cooperated with law enforcement, or that he had sufficient information on other offenders to have warranted a government motion for reduction.

Duty also fails to allege facts showing how he was prejudiced under *Lafler* by counsel's alleged failure to explain the strength of the government's case. Duty does not dispute counsel's statement that he refused to accept a plea agreement without a guaranteed sentence of less than 10 years. Since the proposed plea agreement did not accomplish that goal, Duty fails to demonstrate, as required in

*Lafler*, that but for counsel's allegedly deficient advice, he would have accepted that agreement.

For the stated reasons, Duty does not establish any claim that counsel provided ineffective assistance during plea negotiations. Therefore, I will grant the Motion to Dismiss as to Claim 1.

<u>Claim 4: Ineffective assistance at trial.</u>

In Claim 4, Duty faults counsel for (a) failing to investigate and object to double-counting of drug quantities used against Duty; and (b) failing to present alibi and character witnesses. Duty asserts that, in calculating his drug amount, the probation officer relied on testimony from multiple witnesses about the same drugs. Duty claims counsel asked him only *after* the government's case-in-chief if he had any witnesses, which prevented him from calling his father and girlfriend as alibi witnesses. Duty alleges that these witnesses could have offered testimony that "specifically contradicted the (less credible) government witnesses' testimony regarding the specific drug transactions." (Def.'s Reply 3.) Duty also alleges that his desired witnesses could have testified in mitigation at sentencing that "Duty was an addict in the presence of drug dealers, not a dealer." (§ 2255 Mot. 19.)

Trial counsel states that from talking to Duty, his father, and his girlfriend, counsel understood that they would testify Duty was a "significant drug addict." (Mot. Dismiss Ex. 2-3.) Counsel advised Duty that testimony about the extent of

his drug addiction would not benefit, and might harm, the defense trial strategy, and that the witnesses would not likely be allowed to express their opinions that Duty was just a drug addict, not a drug dealer.

I find that Duty has not forecast evidence on which he could establish that counsel was ineffective at trial or sentencing with regard to alleged double-counting. Duty fails to specify any viable objections counsel could have made to prosecution witnesses' testimony about drug transactions or specifically how counsel could have demonstrated "double-counting" in the calculation of the drug weight for sentencing purposes. Thus, Duty has not met his evidentiary burden to prove counsel's representation was either deficient or prejudicial to the defense with respect to the drug weight determination. *See Miller*, 261 F.2d at 547.

Similarly, I cannot accept as true Duty's conclusory assertion that the omitted witnesses' testimony would have contradicted the government's evidence about specific drug transactions or mitigated the sentence. Because Duty makes no affirmative showing of the expected testimony his father and girlfriend would have given, he has not sufficiently established deficient performance or prejudice under *Strickland* regarding counsel's alleged failure to investigate or call these

witnesses.[4]  *See Burger v. Kemp*, 483 U.S. 776, 793 (1987) (finding insufficient showing of attorney error where petitioner did not submit an affidavit from the omitted witness, establishing that the witness would have offered substantial mitigating evidence if he or she had testified).  I will grant the Motion to Dismiss as to Claim 4.

## B.  The Fair Sentencing Act.

In Claim 2, Duty asserts that he is entitled to a reduction in sentence under the Fair Sentencing Act ("FSA") because it applies retroactively to defendants whose judgments were not final on direct review when the Act became effective.  Duty also claims that without such a reduction, his sentence is harsher than his codefendants' sentences, in violation of his constitutional rights.  I find no merit to these claims.

The FSA took effect on August 3, 2010, during the pendency of Duty's appeal.  It increased the drug amounts necessary to trigger the 10-year mandatory minimum under § 841(b)(1)(a) for cocaine base trafficking offenses from 50 grams to 280 grams.  Last year, the Supreme Court held that the FSA's "new, lower mandatory minimums . . . apply to the post-Act sentencing of pre-Act offenders."

---

[4]  Although Duty offers his father's affidavit disputing counsel's statement that he conferred with the father about his potential testimony, this affidavit does not state what the father's testimony would have been at trial or sentencing.  *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) (requiring a specific showing of what the missing testimony would have been in order to state claim under *Strickland*).

*Dorsey*, 132 S. Ct. at 2335. However, because Duty's sentencing predated the August 3, 2010, effective date of the FSA, he is ineligible for a sentence reduction under the FSA.

The rationale of the *Dorsey* decision was, in part, to eliminate disparity between inmates sentenced after the FSA. *Id.* at 2333. Duty argues that, by logical extension, this rationale also requires application of the Act to inmates sentenced before the Act, whose convictions did not become final until after the Act. I find no merit to this argument. In *Dorsey*, the Court noted that its holding created a new disparity "between those pre-Act offenders already sentenced and those not yet sentenced as of August 3, 2010." 132 S. Ct. at 2335 (omitting parentheses). The Court reemphasized that "in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Id.*

Moreover, the Fourth Circuit has held that the FSA does not apply retroactively to cases pending on direct appeal where the defendant's offense and sentence occurred before the adoption of the Act. *United States v. Bullard*, 645 F.3d 237, 248 (4th Cir.), *cert. denied*, 132 S. Ct. 356 (2011). While the holding in *Bullard* was modified by *Dorsey* insofar as its holding relates to defendants whose crime occurred prior to the FSA but were sentenced afterwards, *United States v. Allen*, No. 12-4168, 2013 WL 1777564, at *7 (4th Cir. Apr. 26, 2013), I find it

supports the view that pre-FSA sentenced defendants are not eligible for the application of the FSA.[5] Accordingly, I will grant the Motion to Dismiss as to Duty's Claim 2, alleging entitlement to a reduction under the FSA.

## C. Procedural Default.

In Claim 3, Duty asserts that his sentence is illegal because (a) it is based on unreliable information from Howard Mayfield and Valerie Lester; and (b) witnesses have recanted testimony that had been used to establish Duty's drug weight. The government argues that this claim is barred from review on the merits under § 2255, because Duty could have raised it on direct appeal. I agree.

Claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are barred from review under § 2255, unless the defendant shows cause for the default and actual prejudice or demonstrates that he is "actually innocent." *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Duty fails to show cause for his failure to present the allegations in Claim 3 in his direct appeal,[6] and also makes no colorable showing of actual innocence of the

---

[5] In a recent case, a majority of a panel of the Sixth Circuit held that constitutional considerations required the retroactive application of the FSA to crack offenders who were sentenced before the adoption of the FSA, *United States v. Blewett*, Nos. 12-5226, 12-5582, 2013 WL 2121945, at *6 (6th Cir. May 17, 2013), *vacated and reh'g en banc granted* (July 11, 2013), but I agree with the dissent in *Blewett* that the constitutional argument is invalid, *id.* at *9-11.

[6] Duty argues that after the FSA, the drug amounts in his case became more critical to his sentence. Since I have already found, however, that the FSA does not apply

offense. Because Claim 3 is procedurally barred from review, I will grant the Motion to Dismiss.

IV

For the stated reasons, I find that Duty has failed to establish any ground on which he is entitled to relief under § 2255. Therefore, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED: July 25, 2013

/s/ James P. Jones
United States District Judge

---

to Duty, he is not entitled to relief under this rationale, even if he could show cause for his default of the claim on appeal.